COOPER et al. v. H. H. HARDIN & CO. et al. (No. 9230.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 21, 1920.)

1. SCHOOLS AND SCHOOL DISTRICTS ⊚⇒81(2)— RECOVERY CANNOT BE HAD ON CONTRACTOR'S BOND WHERE NOT GIVEN UNDER LAW RELATING TO PUBLIC SCHOOL BUILDINGS.

Vernon's Ann. Civ. Supp. 1918, art. 5623a, passed by the Thirty-Fourth Legislature (Laws 1915, c. 143) and expressly made a part of Rev. St. tit. 86, c. 2, relating to liens, does not relate to a bond given under article 6394f, passed by the Thirty-Third Legislature (Laws 1913, c. 99 [Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f]), requiring public school contractors to give bond, and hence a bond given by a building contractor under the latter section to secure the performance of a contract to erect a schoolhouse cannot be employed as a basis for recovery by a materialman under article 5623a.

2. SCHOOLS AND SCHOOL DISTRICTS ⊚⇒81(2)— SURETIES ON CONTRACTOR'S BOND NOT LIABLE WHERE TERMS OF STATUTE NOT COMPLIED WITH.

Where a contractor's bond securing the erection of a school building did not include, as required by article 6394f, passed by the Thirty-Third Legislature (Laws 1913, c. 99 [Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f]), obligation that the contractor should promptly make payments to all persons supplying him with labor and materials, and did not make the bondsmen liable except for the performance by the contractors of all the obligations resting on them for the construction of the building according to the plans, no recovery could be had by a materialman under such section of the statute.

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Action by H. H. Hardin & Co. and others against J. H. Cooper and others. Judgment for plaintiffs, and defendants appeal. Reversed in part and rendered.

Ben L. Cox, of Abilene, for appellants.
Dallas Scarborough and J. M. Wagstaff, both of Abilene, for appellees.

BUCK, J. H. H. Hardin & Co., a partnership engaged in the lumber business, filed suit in the district court of Taylor county against W. A. Jones, M. J. Jarman, A. A. Gauntt, J. H. Cooper, and O. C. Scarborough. The petition alleged that S. H. Bolling was notoriously insolvent, and that his place of residence was unknown to plaintiff, and plaintiff prayed that he might prosecute this suit against the other defendants. The petition alleged that Bolling, Jones, and Scarborough were contractors and partners in a certain building contract with the Moro independent school district of Taylor county, Tex.; that said contractors entered into a contract to build and construct a certain

schoolhouse for said school district, and that they executed a bond to the school district for the faithful performance of said contract, and that Gauntt, Cooper, and Jarman were the sureties on said bond; that by reason of the execution and delivery by the contractors of the bond to the school district the contractors and bondsmen thereby and by reason thereof promised and agreed and became liable to pay for all the building material that went into said building; and that plaintiffs sold and delivered to said contractors building material amounting to $317, which material was used in the construction of said building.

O. C. Scarborough filed a separate answer, alleging, among other things, that W. D. Rice, F. B. Morrell, and F. V. Jones were at said time the duly elected, qualified, and acting trustees of said school district; that before the completion of the building contracted to be erected they took charge of said building and of said work and completed same upon their own responsibility; that they converted the material described in plaintiff's petition and used the same in the erection of said building; that this defendant had done considerable work on said building, and said trustees were due him a certain sum of money already earned, which was more than sufficient to pay off whatever sums were due plaintiff on account of the goods and merchandise described in plaintiff's petition; wherefore Scarborough prayed that the trustees of the school district be cited to appear and answer plaintiff's petition.

The trustees were given judgment, the court holding that they were not liable. The court also gave judgment for plaintiff against O. C. Scarborough and W. A. Jones, the latter by default, and the sureties on the bond, to wit, A. A. Gauntt, M. J. Jarman, and J. H. Cooper, who have appealed to this court.

The bond given by the contractors to the trustees of the Moro school district is as follows:

"Know all men by these presents that we, O. C. Scarborough and S. H. Bolling and W. A. Jones, as principals, and the other subscribers as sureties, are held and firmly bound unto W. D. Rice, F. B. Morrell, F. V. Jones, constituting the school board of the Moro school district in Taylor county, Tex., and to their successors in office, in the sum of three thousand one hundred eighty-seven ($3,187.50) dollars and fifty cents, to the payment of which well and truly to be made we bind ourselves, our heirs, executors, administrators, jointly and severally, by these presents.

"The conditions of the above obligations, however, are that whereas the said O. C. Scarborough, S. H. Bolling, and W. A. Jones have contracted and bound ourselves to construct in the Moro school district in Taylor county, Tex., on the site designated by the above-named school board one certain school building for the sum of four thousand two hundred fifty ($4,250.00) dollars, same to be constructed within a certain time upon certain conditions and according to certain specifications and plans, copy of which is now in the hands of said board of trustees:

"Now, if the above-bounded Scarborough, Bolling, and Jones shall well and truly perform all the obligations resting upon them under the contract for the construction and completion of said building and in full accordance with the plans and specifications aforesaid and shall duly observe and carry out all the instructions, terms and provisions attached to the specifications aforesaid, then this obligation will be void, but otherwise in full force and effect.

"Witness our hands at —— this, the —— day of August, 1917. Principals: [Signed] O. C. Scarborough. S. H. Bolling. W. A. Jones. Sureties: A. A. Gauntt. J. H. Cooper. M. J. Jarman."

Appellees pleaded that, by reason of article 5623a (Vernon's Ann. Civ. St. Supp. 1918) "said defendants and each and all of them are liable to this plaintiff for material furnished for the construction of said building, regardless of whether the same is covered by the bond or not."

It is admitted by appellees that, unless article 5623a is sufficient to fix liability on the bondsmen, the judgment should be reversed. Appellants contend that Vernon's Sayles', art. 6394f et seq., controls the cause of action, and that under said article plaintiffs have shown no legal ground of recovery against the sureties. Vernon's Sayles', art. 6394f (Acts 1913, c. 99), provides that any person or persons, firm or corporation entering into a contract with the state or its counties or school district or other subdivision thereof, etc., for the construction of any public building, etc., shall be required, before commencing such work, to execute the usual penal bond with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payment to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract; and any person, company or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the state or any municipality on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon.

[1] Article 5623a was added to the statutes by reason of an amendment passed by the Thirty-Fourth Legislature, and specially provides that article 5623a be added to title 86, c. 2, Revised Civil Statutes of Texas. See General Laws of Texas 34th Leg. p. 223 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5623, 5623a–5623d). This title of the statutes treats of liens, and chapter 2 of said

title, which includes article 5623, treats of mechanics', contractors', builders', and materialmen's liens. In the case at bar it is not contended that any one could have acquired a lien against the schoolhouse, since it belonged to the state. Article 6394f was passed by the Thirty-Third Legislature, and no reference is made in the act of the Thirty-Fourth Legislature to the act theretofore passed by the Thirty-Third Legislature. The letting of contracts for public buildings and the requirements of bonds therefor and the manner of action upon such bonds are regulated by the Acts of the Thirty-Third Legislature, while from the language of the Thirty-Fourth Legislature it seems clear that it does not relate to a bond given under the act of the Thirty-Third Legislature. Hence we conclude that we cannot look to article 5623a to sustain the judgment. Larkin v. Pruett Lumber Co., 209 S. W. 443; Lion Bonding Co. v. Trussed Concrete Steel Co., 204 S. W. 1176.

It will be noted that the bond given did not comply with the requirements of the statute (article 6394f) by including therein "the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract." The trial court found that the plans, specifications, instructions, terms, and provisions referred to in said bond were not offered in evidence. The said bond was the only evidence offered against said sureties. That instrument does not make the bondsmen liable except for the performance by the contractors of "all the obligations resting upon them under the contract for the construction and completion of said building and in full accordance with the plans and specifications aforesaid, and shall duly observe and carry out all the instructions, terms and provisions attached to the specifications aforesaid."

[2] No complaint is made in this suit of the failure of the contractors to complete the building, and no demand is made on the sureties by reason of such a failure. We are not permitted to read into this bond terms and conditions favorable to the plaintiffs and others. If plaintiffs had been diligent, they could have discovered what kind of a bond had been given, and whether such bond protected the materialmen. But apparently they did not do so, and we conclude that under the bond given no cause of action inures to the plaintiffs against the sureties. Campbell-Root Lumber Co. v. Smith, 148 S. W. 1195; Bullard v. Norton, 107 Tex. 571, 182 S. W. 668; Bell v. Paul, 35 Neb. 240, 52 N. W. 1110. The sureties on a contractor's bond are held only according to the strict

terms of their contract, unless otherwise provided by statute. 27 Cyc. p. 307, § 5.

The judgment against the sureties will be reversed, and here rendered for appellants; otherwise the judgment will be undisturbed.

CONNER, C. J., not sitting.