### ACME BRICK CO. v. TAYLOR et al.
### (No. 6205.)

(Court of Civil Appeals of Texas. Austin. June 2, 1920. Rehearing Denied June 29, 1920.)

1. Schools and school districts ☞71—Bond not so providing does not impose liability on sureties for supplies furnished contractor.

A bond given by a school contractor, which contained no clause for payment for supplies furnished the contractor as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f, is not the bond required by the statute, and, even if it is valid as a common-law bond, does not make the surety liable for supplies furnished the contractor.

2. Pleading ☞204(4)—Error to sustain demurrer to portion of petition stating good cause of action against one party.

Where a petition stated a good cause of action to recover for supplies furnished to a contractor, but stated no cause of action against the surety because the bond did not require payment for supplies, the judgment sustaining a general demurrer to the petition will be reversed in so far as it relates to the contractor.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by the Acme Brick Company against G. C. Taylor and the Ætna Accident & Liability Company. From an order dismissing the suit on sustaining a general demurrer to the petition, plaintiff appeals. Affirmed as to defendant liability company, but reversed and remanded as to defendant Taylor.

E. C. Street, W. E. Lessing, and F. M. Fitzpatrick, all of Waco, for appellant.

KEY, C. J. The Acme Brick Company, as plaintiff, brought this suit against G. C. Taylor and the Ætna Accident & Liability Company, and from a judgment sustaining a general demurrer to its petition, the plaintiff has appealed.

The petition alleged that G. C. Taylor entered into a contract with the trustees of a certain independent school district for the construction of a schoolhouse, but did not allege that Taylor obligated himself in that contract to pay any obligations arising out of the purchase of material used in the construction of the building. The petition also alleged that Taylor executed a bond with the Ætna Accident & Liability Company, as surety thereon, and the plaintiff sought to recover against the latter defendant upon that instrument.

The bond referred to does not bind the surety to pay for lumber or material furnished in the construction of the building. It is the ordinary penal bond, and reads, in part, as follows:

"Whereas, the principal (G. C. Taylor) has entered into a written contract, dated May 8, 1917, with the obligee (school trustees) for the erection of a brick, tile and concrete school building, Riesel, Texas, according to and made a part hereof:

"Now, therefore, the condition of this obligation is such that if the principal shall indemnify the obligee against any loss directly arising by reason of the failure of the principal to faithfully perform said contract, then this obligation shall be void, otherwise it shall remain in full force and effect."

There are a number of provisions in the bond limiting the liability of the surety, such as that in case of any default the surety should be notified in writing, shall have a right to complete the contract, and be subrogated to the rights of the principal, and that

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

no suit shall be brought on the bond, unless the same be filed within six months after the time fixed for the completion of the contract, etc.

[1] Revised Statutes (Vernon's Sayles' Ann. Civ. St. 1914) article 6394f, provides that a contractor on a public building shall execute the usual penal bond, with the further addition that such contractor "shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract."

The bond here involved contains no such stipulation, and therefore is not the bond required by the statute with reference to public buildings. It may be good as a common-law bond, but does not bind the surety further than therein specifically stated, which is that the principal shall faithfully perform his contract with the obligees. This it appears he did, for the building was completed and received by the school trustees, and the full price paid therefor. It is true that a statutory bond will be construed in the light of the statute, and will impose upon the bondsman all of the liabilities required by the statute, where it appears that it was the intention to execute such statutory bond; but no such intention appears from the bond in this case. The trustees failed to discharge their duty in not taking a bond as required by statute, but that cannot make the bondsman liable for something that he did not guarantee.

For the reasons stated, we sustain the action of the court, in so far as the demurrer applies to the bonding company. General Bonding, etc., Co. v. Waples Lumber Co., 176 S. W. 651.

[2] In addition to the allegations with reference to the bond, the petition contained all the necessary requirements of a suit upon an account against the contractor, Taylor, and to this extent was not subject to demurrer.

The action of the court in dismissing the cause against appellee, the bonding company, is affirmed, but is reversed and remanded in so far as it affects the appellee, Taylor. Affirmed in part, and in part reversed and remanded.

Affirmed in part. In part reversed and remanded.