**GLOBE INDEMNITY CO. v. BARNES et al.*
(No. 2615.)**

(Court of Civil Appeals of Texas. Amarillo. Feb. 24, 1926. Rehearing Denied March 17, 1926.)

Schools and school districts ⬳81 (2)—Clause in contractor's surety bond purporting to limit liability to obligee named held not effective, in view of requirements of specifications and contract for school buildings and Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f.

Where specifications and contract for school buildings required surety bond acceptable to school trustees guaranteeing payment of all labor and material, clause in bond purporting to limit liability of surety to obligee named *held* not effective, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f.

Error from District Court, Donley County; R. L. Templeton, Judge.

Suit by William Cameron & Co. against E. O. Barnes and J. H. Watters, composing the firm of Barnes & Watters, the Gloge Indemnity Company, and others. Judgment for plaintiff, and defendant Globe Indemnity Company brings error. Affirmed.

See, also, 280 S. W. 275.

Thompson, Knight, Baker & Harris and Adair Rembert, all of Dallas, for plaintiff in error.

Cole & Simpson, of Clarendon, and Sleeper, Boynton & Kendall, of Waco, for defendants in error.

RANDOLPH, J. Defendant in error William Cameron & Co. filed this suit against defendants in error E. O. Barnes and J. H. Watters, composing the firm of Barnes & Watters, building contractors, the trustees of the Wheeler independent school district, the school district, and the Globe Indemnity Company, a corporation. Other creditors intervened. A general demurrer was presented to the plaintiff's petition by the school district, which was sustained by the trial court, and the said district and trustees were dismissed from the case. No question arises upon the action of the court upon such demurrer.

The Globe Indemnity Company in its first amended original answer presented a general exception, special exceptions, general denial, and several special defenses, which will be passed on by the decision of the questions in the appeal.

The case was tried before the trial court without the intervention of a jury. At the conclusion of the trial the court made his findings of fact and entered judgment thereon in favor of the plaintiff and several interveners against E. O. Barnes, J. H. Watters, and the Globe Indemnity Company, for the respective amounts prayed for by them, and appeal has been taken from that judgment by the Globe Indemnity Company.

The suit is based upon the alleged liability of Barnes & Watters and the Globe Indemnity Company, their surety, upon the specifications, contract, and bond given in the matter of the building of a schoolhouse. The paramount question for our decision is appellant's contention that the fifth paragraph of the bond provides only for the indemnification of the school district against loss, and expressly providing that no cause of action exists in favor of third parties. It will be observed that the bond is conditioned that—

"If the principal shall indemnify the obligee against loss or damage directly caused by the failure of the principal to faithfully perform said contract, then this obligation shall be void; otherwise to remain in full force and effect."

And that said fifth paragraph expressly provides:

"That no right of action shall accrue upon or by reason hereof to or for the use and benefit of any one other than the obligee named; that the obligation of the surety is, and shall be, construed strictly as one of suretyship only."

In this case the plaintiff expressly pleaded the specifications and the contract and they were in evidence and before the trial court when he passed upon the liability of appellant upon the bond. The specifications require a good and solvent surety company bond in a sum equal to 50 per cent. of the contract price to be given, and also contain this provision:

"Said bond to be acceptable to the school trustees and shall guarantee the faithful and complete performance of the contract within the time agreed upon in the contract, and shall also guarantee the payment of all labor and material claims or charges that may have accrued by reason of the erection and finishing of the work upon the building, or which claims or charges may become liens upon the property according to the provisions of the laws of the state of Texas."

The contract also contains a provision requiring the contractor to pay for all materials. The bond refers to the contract and there is no question but that the surety was aware of all the provisions of the specifications and contract and contracted against liability. The question for our decision is: In face of the provisions of the specifications and contract, in face of the provisions of article 6394f, Vernon's Sayles' Ann. Civ. Stats. of Texas, can such limitation of liability be contracted for? We think not; but, independent of the provisions of the specifications and contract, such liability cannot be so limited because of the requirement that the bond shall contain the additional obligation that the contractors shall promptly make payments to all persons supplying them with labor or materials used in the construction or repair of such buildings.

In the case of the Southern Surety Co. v. Klein, 278 S. W. 527, 530, this court has recently held that the intentions of the parties to limit such liability can have no effect as to whether or not the statute shall be read into the bond; that to permit the parties to such a contract or bond to limit their liability would be to permit the nullification of the statute. We refer to said case for a fuller discussion of the question at issue. The Supreme Court has denied a writ of error in that case; hence we take it that the holdings in such case are authoritative.

We find no reversible error.

The judgment of the trial court is in all things affirmed.

JACKSON, J., not sitting.