### GLOBE INDEMNITY CO. v. BARNES et al.
### (No. 691–4605.)

(Commission of Appeals of Texas, Section B. Nov. 17, 1926.)

**1. Bonds** ⊙⟹**50—Where bond is executed with intention to comply with statute, terms of statute become part of obligation.**

Where bond is executed with intention of parties to comply with requirements of statute, terms of statute become part of obligation by incorporation, even though bond itself otherwise be silent as to obligations.

**2. Contracts** ⊙⟹**143—Law in proper case may fix liability of one voluntarily contracting.**

The law will not compel one to enter into contract, but in proper case may fix liability of one who voluntarily does contract.

**3. Schools and school districts** ⊙⟹**81 (2)—Under statute, liability to furnishers of material and labor to contractor exists, whether or not bond expressly so agrees (Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f).**

That liability, under Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f, exists in favor of furnishers of material and labor to contractor, whether bond expressly so agrees, is manifest from authority given to sue bondsmen.

---

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Contracts ⬡=167—Presumption is that all persons contract with reference to law.**

All persons are presumed to know the law and to contract with reference thereto.

**5. Schools and school districts ⬡=81(2)—Surety for public contractors held to have knowledge that contract could proceed only on bond conditioned for protection of labor and materialmen (Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f).**

Persons acting as surety for contractors in construction of public works are held to know requirements of Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f, and become surety on contractor's bond with full knowledge that contract can proceed only on bond conditioned for protection of labor and materialmen and to have assented to liability as prescribed.

**6. Schools and school districts ⬡=81(2)—Clause in school contractor's bond, limiting liability to obligee named therein, held void (Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f).**

Where specifications in contract for school buildings required surety bond guaranteeing payment of all labor and material, clause in bond, limiting liability of surety to obligee named, *held* void, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 6394f.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by William Cameron & Co. against E. O. Barnes and J. H. Watters, composing the firm of Barnes & Watters, the Globe Indemnity Company, and others. Judgment for plaintiff was affirmed (281 S. W. 215), and the last-named defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

Sleeper, Boynton & Kendall, of Waco, and E. A. Simpson, of Amarillo, for defendants in error.

SPEER, J. The writ or error was granted in this case to settle the conflict with Cooper v. Hardin, 219 S. W. 550. The Court of Civil Appeals for the Second District in that case held that where a bond, given to secure the construction of a public school building, did not comply with the requirements of article 6394f, Vernon's Sayles' Civil Statutes, with respect to protecting persons furnishing labor or material for the building, the bondmen were not liable in the suit of such persons; in other words, that the statute would not be read into the bond.

In the present case, the Court of Civil Appeals for the Seventh District, basing its decision upon the case of Southern Surety Co. v. Klein, 278 S. W. 527, also by the same court, Justice Randolph, writing the opinion in both cases, held, under precisely the same circumstances, that materialmen furnishing material for such public building could recover against the bondsmen, notwithstanding such bond was not in compliance with the requirements of the statute referred to. 281 S. W. 215.

We think the holding in the present case is correct and that the judgment should be affirmed.

Article 6394f, above referred to, provides:

"That any person or persons, firm or corporation entering into a formal contract with this state or its counties or school district or other subdivisions thereof or any municipality therein for the construction of any public building, or the prosecution and completion of any public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract; and any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the state or any municipality on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claims and judgment of the state or municipality. If the full amount of the liability of the surety on said bond is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due the state or municipality, the remainder shall be distributed pro rata among said interveners. The bond provided for may be made by a surety company authorized to do business in Texas."

Succeeding articles provide for an independent suit by such creditor or creditors against the contractor and his surety.

[1] It is well settled that, where a bond is executed with the intention upon the part of all parties to comply with the requirements of a statute, the terms of such statute will become a part of such obligation, by incorporation as it were, even though the bond itself otherwise be silent as to the statutory obligations. United States Fidelity & Guaranty Co. v. Henderson County (Tex. Com. App.) 276 S. W. 203, 1119; Smith v. Fidelity, etc., Co. (Tex. Com. App.) 280 S. W. 767. But the contention is made here that that principle of construction is not applicable, since it is undisputed from the terms of the bond itself that the surety company did not intend to assume the obligations imposed by the statute, but, on the contrary, expressly intended not to do so. It contained these stipulations:

"If the principal shall indemnify the obligee against loss or damage directly caused by the failure of the principal to faithfully perform said contract, then this obligation shall be void; otherwise, to remain in full force and effect."

**And:**

"That no right of action shall accrue upon or by reason hereof to or for the use and benefit of any one other than the obligee named; that the obligation of the surety is and shall be construed strictly as one of suretyship only."

It is thus apparent the surety company did not expressly contract to assume the liabilities imposed by the statute, but, on the contrary, sought to limit them.

[2-6] The purpose of the statute under consideration was to protect persons furnishing material or labor in the construction of public works against which there could exist no lien for their protection. The method pursued was intended to effect this protection through a bond required to be executed by the contractor. The execution of the bond conditioned as required by the statute is made a condition precedent to the right to commence such work. Such a contract can only be carried out lawfully after the execution of the bond as required by statute. The effect of the statute is to declare the liability of one executing the bond for such a contractor. The law will not compel one to enter into contract, but in a proper case it may fix the liability of one who voluntarily does contract. The principle is akin to the familiar rule that a common carrier will not be permitted to limit its common-law liability. That the Legislature did intend liability to exist in favor of those furnishing material or labor to the contractor, whether the bond expressly so agrees or not, is manifest by the authority conferred on such persons to sue the bondsmen. It is only where there is no express contractual liability that such portion of the statute could have any force or be needed. Where the bond so stipulates, such parties have their cause of action without the statute. It is contractual. All persons are presumed to know the law and to contract with reference thereto. Every surety company or other person acting as surety for contractors in the construction of such public works must be held to know the requirements of the law, and, when he becomes surety upon the contractor's bond in such a case, he does so with a full knowledge that the contract can only proceed upon a bond conditioned for the protection of labor and materialmen, and his executing as surety at all evidences indisputably his assent to be bound according to the liability prescribed by the statute. By executing the bond as surety, he necessarily assents that the terms of the statute become a part of his obligation. He will not be heard to say he did not agree to the terms of the statute. In no other way could his principal's contract be carried out. The minor purpose to limit that liability is repugnant to the major purpose to execute the bond so as to enable the contractor to proceed. The attempted limitation is in violation of the statute, and therefore void. The statute will be read into the bond as though its terms had been strictly complied with.

In the case of Southern Surety Co. v. Klein, supra, it appears a contractor's bond containing the requirements of the statute was tendered to the obligee and for some reason refused, whereupon another bond was prepared and accepted without those provisions for the protection of materialmen furnishing material, notwithstanding which the statute was treated as entering into the bond, the court saying:

"We do not concede that the intention of the parties to the bond can have any controlling effect upon the question of whether or not the statute shall be read into the bond. The Legislature, in passing the act, did not say, or intimate, that the parties to the building contract had any choice in the matter. They simply required all such contracts to contain the provision making it payable to, or for the use and benefit of, laborers and materialmen furnishing such labor or material. To permit the parties to such a contract or bond to expressly, or impliedly, exclude such statutory parties, would be to nullify the statute."

A writ of error was refused in that case, and it appears the above point was necessarily involved; the sole recovery being by a materialman against the bonding company.

We recommend that the judgments of the trial court and of the Court of Civil Appeals be in all respects affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed.