Allen, J.
 

 The bond upon which the action was predicated was the only bond given by the Complete Construction Company to the board of education. It was given in connection with the contract for the erection of the school building in question, to which contract it expressly referred. It was in exactly the statutory amount prescribed in Section. 2365-1, and, although it did not comply in other respects with the statute, it was evidently given in pursuance of the statute.
 
 American Guaranty Co.
 
 v.
 
 Cliff Wood Coal & Supply Co., post
 
 524.
 

 The bond did not conform to the provisions of Sections 2365-1 to 2365-4, inclusive, General Code, which require that such bonds shall contain an additional obligation for the payment by the contractor and by all subcontractors for all labor performed or materials furnished in the construction of the building, for its sole obligation was that of indemnifying and saving harmless the board of education from any pecuniary loss resulting from the breach of any of the terms, covenants, and conditions on the part of the contractor. The materialmen contend that the provisions of Sections 2365-1 to 2365-4, inclusive, are written into the bond regardless of its express terms, and that hence the bond is available for recovery to materialmen and subcontractors. The surety company claims that it is entitled to rely upon the face of the bond, and that the materialmen and subcontractors therefore
 
 *438
 
 have no recovery in spite of the provisions of the statute.
 

 The statute in question was enacted in 1917, 107 Ohio Laws, 642. The title of the act as passed is: “An act to protect persons performing labor and furnishing materials for the construction and repair of public works.”
 

 The sections of the statute which are material to the decision of this controversy read as follows:
 

 Section 2365-1: “That when public buildings or other public works or improvements are about to be constructed, erected, altered or repaired under contract, at the expense of the state, or any county, city, village, township or school district thereof, it shall be the duty of the board, officer or agent, contracting on behalf of the state, county, city, village, township, or school district, to require the usual bond as provided for in statute with good and sufficient sureties, with an additional obligation for the payment by the contractor, and by all subcontractors, for all labor performed or materials furnished in the construction, erection, alteration or repair of such building, works or improvements.” 107 O. L., 642, Section 1.
 

 Section 2365-2: “Such bond shall be executed by such contractor with such sureties as shall be approved by the board, officer, or agent acting on behalf of the state, county, city, village, township or school district aforesaid, in an amount equal to at least fifty per cent. (50%) of the contract price, and conditioned for the payment by the contractor and by all subcontractors, of all indebtedness which may accrue to any person, firm or corporation, on
 
 *439
 
 account of any labor performed or materials furnished in the construction, erection, alteration or repair of such building, works or improvement. Such bond shall be deposited with, and held by, such board, officer or agent for the use of any party interested therein.” 107 O. L., 642, Section 2.
 

 Section 2365-3: “Any person, firm or corporation to whom any money shall be due on account of having performed any labor, or furnished any material in the construction, erection, alteration or repair of any such building, work or improvement, within ninety (90) days after the acceptance thereof by the duly authorized board or officer, shall furnish the sureties on said bond a statement of the amount due to any such person, firm or corporation. No suit shall be brought against said sureties on said bond until the expiration of sixty (60) days after the furnishing of said statement. If said indebtedness shall not be paid in full at the expiration of said sixty days, said person, firm or corporation may bring an action in his own name upon such bond, as provided in Sections 11242 and 11243 of the G-eneral Code of the state of Ohio, said action to be commenced within one year from the date of the acceptance of said building, work or improvement.” 107 O. L., 642, Section 3.
 

 Section 2365-4: “The bond hereinbefore provided for shall be in substantially the following form, and recovery of any claimant thereunder shall be subject to the conditions and provisions of this act to the same extent as if such conditions and provisions were fully incorporated in said bond form:
 

 “Know all men by these presents, that we, the
 
 *440
 
 undersigned, -, as principal and -, as sureties, are hereby held and firmly bound unto -in the penal sum of- dollars, for the payment of which well and truly to be made, we hereby jointly and severally bind ourselves, our heirs, executors, administrators, successors and assigns.
 

 “Signed this-day of-, 19-.
 

 “The condition of the above obligation is such, that Avhereas the above named principal did on the --- day of-■, 19-, enter into a contract with -, which said contract is made a part of this bond the same as though set forth herein;
 

 “Now, if the said-shall well and faithfully do and perform the things agreed by - to be done and performed according to the terms of said contract; and shall pay all lawful claims of subcontractors, materialmen and laborers, for labor performed and materials furnished in the carrying forward, performing or completing of said contract; ive agreeing and assenting that this undertaking shall be for the benefit of any materialman or laborer haAdng a just claim, as well as for the obligee herein; then this obligation shall be void; otherwise the same shall remain in full force and effect; it being expressly understood and agreed that the liability of the surety for any and all claims hereunder shall in no event exceed the penal amount of this obligation as herein stated.
 

 “The said surety hereby stipulates and agrees that no modifications, omissions, or additions, in or to the terms of the said contract or in or to the
 
 *441
 
 plans or specifications therefor shall in any wise affect the obligations of said surety on its bond.” 107 O. L., 642, Section 4.
 

 Do the above-quoted sections create a liability against the surety in this action, regardless of the express terms of the bond?
 

 It is worth while in this connection to consider the situation which existed when the Ohio Legislature enacted this statute. Prior to 1917 statutes had been adopted in a number of states for the purpose of giving special protection to material-men and laborers engaged in construction upon public buildings and public works, similar to that given them for work on private buildings under the mechanic’s lien law. Following the passage of these statutes, surety companies throughout the country on certain occasions wrote bonds to indemnify public bodies from loss on public buildings, which bonds did not, as is the case herein, completely comply with the provisions of the statutes. In the resulting litigation, various state courts rendered conflicting decisions as to the liability of the sureties upon such bonds. This subject has been discussed ably by counsel for both plaintiff in error and defendants in error, and many cases have been cited upon both sides of the proposition. Some of the state courts hold that such a bond is available for materialmen and laborers because the statute in force at the time of making the contract enters into the bond and becomes a part thereof as though specifically set forth in the bond.
 
 Nye-Schneider-Fowler Co.
 
 v.
 
 Roeser,
 
 103 Neb., 614, 173 N. W., 605;
 
 School Dist. No. 30
 
 
 *442
 
 v.
 
 Alameda Construction Co.,
 
 87 Or., 132, 169 P., 507, 788;
 
 Gill
 
 v.
 
 Paysee,
 
 48 Nev., 12, 226 P., 302.
 

 There are courts of last resort, on the other hand, which deny the liability of the surety com-' pany under such circumstances, basing their holding upon the proposition that the bond cannot be extended beyond its express terms.
 
 J. N. McCausland & Co.
 
 v.
 
 R. A. Brown Construction Co.,
 
 172 N. C., 708, 90 S. E., 1010;
 
 Aetna Casualty & Surety Co.
 
 v.
 
 Leathers,
 
 33 Ga. App., 444, 126 S. E., 881;
 
 Eau Claire-St. Louis Lumber Co.
 
 v.
 
 Banks,
 
 136 Mo. App., 44, 117 S. W., 611. The plaintiff in error cites these cases, and also the cases of
 
 Acme Brick Co.
 
 v.
 
 Taylor
 
 (Tex. Civ. App), 223 S. W., 248, and
 
 Cooper
 
 v.
 
 Hardin & Co.
 
 (Tex. Civ. App.), 219 S. W., 550, both cases specifically in point upon the facts, although the statute is not the same as the Ohio statute. The last-named two cases, however, have been in substance overruled by the cases of
 
 Globe Indemnity Co.
 
 v.
 
 Barnes
 
 (Tex. Civ. App.), 281 S. W., 215, and
 
 Southern Surety Co.
 
 v.
 
 Klein
 
 (Tex. Civ. App.), 278 S. W., 527, which are referred to later.
 

 It is significant that the legislation and adjudication in other states as described above existed when the Ohio Legislature convened in 1917. It is also significant that this court had then but recently announced its decision in the case of
 
 Cleveland Metal Roofing & Ceiling Co.
 
 v.
 
 Gaspard,
 
 89 Ohio St., 185, 106 N. E., 9, L. R. A. 1915A, 768, Ann. Cas. 1916A, 745. This case held that even though the bond in question guaranteed the payment of “any claims there may be” for material and labor, “required in the erection of the building,” and con
 
 *443
 
 tained a clause that if the contractor should “pay- or cause to he paid all claims” for material and labor furnished the obligation should be void, otherwise it should remain in full force, a subcontractor could not recover of the sureties on the contractor’s bond. The court’s holding was based upon the propositions that it did not appear that the bond was entered into directly or primarily for the benefit of the subcontractor, or that there was a fixed or ascertainable liability on the part of the obligee to the subcontractor at the time the bond was executed, or that the services and material in question were furnished in reliance on the bond. It was shortly after the adjudication in the
 
 Cleveland Metal Roofing & Ceiling Company case
 
 that the act of 1917 was drawn to protect the rights of laborers and materialmen in the construction of public buildings. In this act besides the provision that the bond should contain in addition to the usual bond “an additional obligation for the payment by the contractor, and by all subcontractors, for all labor performed or materials furnished in the construction” of the improvement, the statute specifically required that the recovery of any claimant thereunder should be “subject to the conditions and provisions of the act to the same extent as if those conditions and provisions were fully incorporated in the bond form.”
 

 None of the cases above cited construes a statute which contains the provision just quoted, that recovery under the bond shall be subject to the conditions and provisions of the act, or any substantially similar provision. This case, then, is one of first impression so far as the peculiar enactments
 
 *444
 
 of the Ohio statute are concerned. It is not necessary for us to decide what would have been our holding if the statute had not contained this particular clause, and we shall consider the cases which are adverse to our holding herein, cited from states where statutes are dissimilar, as being not precisely in point.
 

 That the Legislature has power to regulate and control the business of bonding for compensation is not contested. The question contested is whether the regulations made by the Legislature as to the bond to be given under the situation which exists in this case are to be read into the bond which is the subject of this action.
 

 It has been heretofore held by this court with regard to a liability insurance policy that legislative provisions become a part of every contract covered by the statute. This was the express holding in the case of
 
 Verducci
 
 v.
 
 Casualty Co. of America,
 
 96 Ohio St., 260, 117 N. E., 235. In that case the action was brought upon an employer’s liability insurance policy, which provided that no action could be brought upon the policy except by the employer. The statute then in existence, Section 9510-1, General Code, subrogated an injured workman to the rights of his employer under the policy. The surety company relied upon the face of the policy and claimed that the injured workman had no right of recovery. It was held by this court that the provisions of the statute giving an injured workman the right of subrogation became a part of the contract of indemnity regardless of the contract between the parties. To the same effect
 
 *445
 
 is
 
 National Union Fire Ins. Co.
 
 v.
 
 Wanberg,
 
 260 U. S., 71, 43 S. Ct., 32, 67 L. Ed., 136.
 

 The same doctrine is announced in a number of the recent decisions of influential courts of last resort in this country, such as
 
 Lorando
 
 v.
 
 Gethro,
 
 228 Mass., 181, 117 N. E., 185, 1 A. L. R., 1374, which held that the legislative provision that indemnity insurance policies subsequently written should not require payment of the loss by the insured as a condition to the liability of the insurer, and that the injured person may look to the insurer for compensation, is read into contracts of indemnity insurance written after the statute took effect.
 

 Globe Indemnity Co.
 
 v.
 
 Barnes
 
 (Tex. Civ. App.), 281 S. W., 215, holds that where specifications of a contract for school buildings require a surety bond acceptable to school trustees, guaranteeing payment of all labor and material, a clause in the bond purporting to limit the liability of the surety to the obligee named is not effective in view of the statutory provisions upon that subject.
 

 Duke
 
 v.
 
 National Surety Co.,
 
 130 Wash., 276, 227 P., 2, holds that the provisions of the statute are read into a statutory bond, and that conditions in the statutory bond repugnant to the statute are to be treated as surplusage. This is a case of surety bond.
 

 Fogarty
 
 v.
 
 Davis,
 
 305 Mo., 288, 264 S. W., 879, decided that materialmen were entitled to sue on a contractor’s bond attempted to be executed under the statute although the bond did not comply with the statute as to requiring payment for materials.
 

 In
 
 American Surety Co. of N. Y.
 
 v.
 
 State ex rel. Bale
 
 (Tex. Civ App.), 277 S. W., 790, the court
 
 *446
 
 ruled that a warehouseman’s bond given pursuant to statute must be construed in connection with the statute, that it must be presumed that the parties intended to execute such bond as the statute required, and that the statute was a part of the bond, as much so as if incorporated therein.
 

 A striking case to the same effect is
 
 Southern Surety Co.
 
 v.
 
 Klein
 
 (Tex. Civ. App.), 278 S. W., 527, which holds that regardless of the intention of the parties a statute for the protection of laborers and materialmen is read into the principal contractor’s bond. In this case the city itself refused to accept a bond containing the provisions required by the statute for the protection of laborers and materialmen, and was furnished a bond without such provisions. The court of last resort of Texas held that the statutory provisions making the bond payable to or for the use and benefit of laborers and materialmen were nevertheless read into the bond, regardless of the intention of the parties. This holding and the holding in
 
 Globe Indemnity Co.
 
 v.
 
 Barnes, supra,
 
 in effect reverse the holdings in the cases of
 
 Acme Brick Co.
 
 v.
 
 Taylor
 
 (Tex. Civ. App.), 223 S. W., 248, and
 
 Cooper
 
 v.
 
 Hardin & Co.
 
 (Tex. Civ. App.), 219 S. W., 550, relied on in the brief of plaintiff in error herein.
 

 This being the general rule, approved in this state in the
 
 Verducci case, supra,
 
 the only question which we have here to consider is whether the Legislature intended in writing the sections under discussion that the provisions required under the statute making the bond available for materialmen and laborers should be written into any bond given in
 
 *447
 
 the situations covered by the statute, regardless of its terms.
 

 The general intention of the Legislature and the purpose with which it wrote the act is indicated by the situation heretofore described, existing in 1917, with regard to laws enacted and adjudications made as to the protection of materialmen and laborers rendering service and furnishing material for the construction of public buildings. In the preamble of the statute the Legislature stated that it was an act to protect materialmen and laborers.
 

 Plaintiff in error, however, maintains that this intent was general rather than specific, and did hot go so far as claimed here by the materialmen, urging that the first sentence of Section 2365-4 shows upon its face that the Legislature did not mean the provisions of the statute to be read into any bond written under the situation presented herein, because of the fact that this opening sentence states that recovery under the bond is “subject to the conditions and provisions of this act.” The surety argues that this means that the recovery of the materialman or subcontractor is conditioned upon his performance of the provisions contained in Section 2365-3, General Code, with regard to notice to the surety and time of bringing suit, and does not write into the bond the conditions of the act which operate against the surety. However, we think the sentence should not be construed in such a limited sense in view of the fact that it does not say recovery shall be subject to the conditions and provisions of the preceding section, but “subject to the conditions and provisions of this act.” It is also
 
 *448
 
 significant that this sentence does not merely say subject to the conditions of this act, but “subject to the provisions” of this act. This plainly means that recovery upon a bond given pursuant to the statute entitles any claimant to the advantages as well as to the disadvantages of the act. To hold otherwise would result in penalizing the claimant for nonperformance of conditions by himself and deny him the right to avail himself of nonperformance of conditions by those against whom he claims ■ — a result expressly excluded by the Legislature.
 

 Plaintiff in error then urges that its construction must prevail because of the fact that the statute exacts a penalty for violation of the sections in question, arguing that if the statute is to be read into the bond regardless of its terms there can be no violation of the statute. This argument is more ingenious than sound, for, even though the statute is read into the bond, it has not been legally established that a public board or officer may not commit an offense under the provisions of Sections 2365-1 to 2365-4 by failing to insist upon the bond legally required upon a public contract.
 

 It is the general rule that when parties enter into a contract and execute a bond required by statute with regard to this contract, they are chargeable with notice of the statutory provisions. We are asked to depart from this general rule in face of an express provision making this statute a part of all bonds entered into pursuant to its terms.
 

 It is seldom that we are called upon to construe an enactment in which the legislative intent is so plain. Hence we are compelled to the conclusion
 
 *449
 
 that the statute is written into the bond; that recovery was available thereunder for labor performed and materials furnished in the construction of the school building irrespective of the fact that materialmen were not mentioned in the bond; and that the judgment of the Court of Appeals reversing the judgment of the court of common pleas must be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.