CHARLES A. DUBY v. B. JACKSON and Another.[1]

October 18, 1897.

Nos. 10,686—(114).

Bond—Subcontractor—Evidence.

Appeal by defendants from a judgment of the municipal court of Minneapolis in favor of plaintiff for $223.33, entered pursuant to findings by W. A. Kerr, J. Affirmed.

*Edgerton, Wickwire & Rice*, for appellants.

*Chas. A. Duby* and *Robert Christensen*, for respondent.

MITCHELL, J.

This case involves the same questions, and presents substantially the same state of facts, as Combs v. Jackson, supra, page 336. The only material difference is the evidence upon the question whether Anderson was a "subcontractor."

He was called as a witness for the plaintiff, although evidently

[1] Reported in 72 N. W. 568.

not very friendly to him. Upon cross-examination, in answer to very leading and suggestive questions, he testified, in substance, that he did not agree to furnish Canney Bros. any specific amount of stone for any specific contract; that he simply sold them stone at so much a yard, which they had a right to use wherever they chose. But, in his direct examination, he had testified that in August, which was about the time Jackson's contract with the city and Canney Bros.' subcontract with Jackson were executed, and at least a month before any stone was delivered, he made a verbal agreement with Canney Bros. for the sale and delivery of crushed stone. There is no evidence that Canney Bros. at that time had any other paving contract. It also appears in evidence that, before any stone was delivered, Canney Bros. guarantied to the man whom Anderson had employed to haul the stone from the quarry to the street that he would receive his pay. Courts will also take judicial notice that crushed stone is merely used for pavements or macadam, and it is not an article ordinarily kept in stock for sale to the general public, but is usually prepared for a specific purpose, or on a particular order or contract. In view of all this, we think that the evidence justified a finding of all the facts necessary to constitute Anderson a subcontractor. The fact, if it be a fact, that he did not agree to furnish Canney Bros. any specific amount of stone is not material.

Judgment affirmed.