Matthias, J.
 

 The primary question presented
 
 *557
 
 is whether the defendant was a material man or subcontractor. It perfected its lien as a material man. It did not file with the owner an affidavit and certificate required of a contractor or subcontractor by the provisions of Section 8312, General Code.' Whether this lien was duly perfected, therefore, depends upon the determination of the question: Was the Harvard Lumber Company a material man or a subcontractor?
 

 In one section of our Mechanic’s Lien Law (Section 8323-9, General Code), various terms therein employed are defined as follows:
 

 “The words, ‘material man,’ as used herein, shall be construed to include all persons by whom any machinery, materials or fuel are furnished in, or for any construction, erection, alteration, repair, or removal hereinbefore mentioned. The word ‘laborer,’ shall be construed to include any mechanic, workman, artisan, or laborer employed in or about any such work, as hereinbefore specified. The word ‘subcontractor’ shall be construed to include any person, firm, or corporation who undertakes to construct, alter, erect, improve, repair, remove, dig, or drill any part of the structures or improvements mentioned herein under a contract with any person other than the owner.”
 

 It is contended by counsel for plaintiffs in error that one who furnished material such as doors, sash, etc., prepared by him according to detailed plans and specifications of the original contract, thereby constructs a part of the structure, and is therefore a subcontractor. It is contended on the other hand that one furnishing such material,
 
 *558
 
 •whether it is prepared by him in accordance with detailed plans and specifications, or selected from stock on hand, or purchased from others for the purpose, is a material man, and that he cannot be a contractor or subcontractor unless he does some work upon the structure itself by actually installing the material furnished or fabricating it into and making it a part of the building. Concededly the lumber company contracted only to furnish the designated materials and did not engage to install them, or any part of them. That necessarily was done by laborers under the employment of the contractor or a subcontractor who had engaged to construct that part of the building.
 

 This court had a similar question before it in the case of
 
 Van Dorn Iron Works Co.
 
 v.
 
 Erie-Huron Realty Co.,
 
 108 Ohio St., 314, 140 N. E., 325. In that case the lien claimant had engaged for a stipulated price to furnish and erect in a building under construction flights of pressed steel stairs, extending from the basement to the fourth floor of the building. For the reason that the contract required the erection of a structure or portion thereof wherein necessarily labor would be employed, the court held that the lien claimant was a subcontractor, as that term is defined by the statute, and therefore must comply with the provisions of Section 8312, General Code, in order to perfect his lien. We are of the opinion that the same test must be applied here, and, whether the material furnished was altered or manufactured by the lien claimant in its place of business, or procured by it from another for the special pur
 
 *559
 
 pose, or sold from its stock on hand, it in neither case engaging to furnish or perform any labor, and in fact doing nothing relative to the installation of said materials or the fabrication thereof into the structure, such lien claimant, under our statute, is a material man and not a contractor or subcontractor.
 

 This view has been announced by the court of last resort of other states in construing and applying mechanic’s lien statutes similar to our own.
 
 Sterner
 
 v.
 
 Haas,
 
 108 Mich., 488, 66 N. W., 348;
 
 Kerr-Murray Mfg. Co.
 
 v.
 
 Kalamazoo Heat, Light & Lower Co.,
 
 124 Mich., 111, 82 N. W., 801;
 
 Stephens Lumber Co.
 
 v.
 
 Townsend-Stark Corp.,
 
 228 Mich., 182, 199 N. W., 706, 201 N. W., 213;
 
 Haynes
 
 v.
 
 Holland,
 
 (Tenn. Ch.), 48 S. W., 400;
 
 St. L., Ark. & Texas Ry. Co.
 
 v.
 
 Mathews,
 
 75 Tex., 92, 12 S. W., 976;
 
 Arnold
 
 v.
 
 Budlong,
 
 11 R. I., 561;
 
 Beckhard v. Rudolph,
 
 68 N. J. Eq., 315, 59 A., 253.
 

 The construction of these statutes, contended for by counsel for plaintiffs in error, would lead tq rather absurd consequences, for, if a dealer constructs or alters any door or sash, or even reduces lumber in his stock to the size specially required to meet the specifications of a particular building, he would thereby become a subcontractor, and the employees in his own establishment would be entitled to perfect liens for labor upon the building for which such materials were furnished. The words “construct” and “erect” have reference to the actual combination of materials on the building site to constitute the structure, and not to the
 
 *560
 
 manufacture of such materials, which later may be somewhere combined with others to make a building.
 

 Under the undisputed facts in this case the plaintiff below, the Harvard Lumber Company, was a material man and not a subcontractor, and had therefore done all that was required by law to perfect its lien upon the premises in question.
 

 The allowance of an attorney fee to the attorneys for the lien claimant for their services in connection with this action is asserted as a further ground of error. The allowance of such fee was made pursuant to Section 8323, General Code, which, in part, provides:
 

 “When judgment shall be rendered in such proceeding, in favor of the parties succeeding therein, the court may at its discretion allow a reasonable attorney’s fee, to be paid out of the fund realized for lien claimants.”
 

 It is contended that, under the statute, attorney fees can be allowed and paid only out of the fund authorized for lien claimants, and that the owner cannot be required to pay fees for attorneys representing the claimants, or any of them, in addition to the amount of the lien.
 

 The question is particularly pertinent here, for the reason that in this case there are no liens other than that of the plaintiff below, except the taxes and court costs. It is claimed that the fund remaining after the payment of taxes and costs is “the fund realized for such lien claimants.” We cannot so construe the language employed. The fund realized for lien claimants cannot be other than the sum applicable to the pay
 
 *561
 
 ment of mechanic’s liens found to be válid. No legislative intent or purpose is disclosed to make the owner liable for an amount greater than the total of the mechanics’ liens against his property. If intended to authorize payment from the proceeds of the sale of the property, no language would have been better calculated to make clear that purpose than just those words, and we would then have before us the validity of such provision.
 

 The provisions of this section seem to contemplate the payment of a fee to an attorney for services rendered in such proceeding only in behalf of the lien claimants, and therefore provide that compensation for such services may be paid out of the fund realized for lien claimants and the remainder of such fund be distributed to such claimants. Here the' fund realized for the plaintiff, the only lien claimant, was $900 and interest. If an attorney fee is to be allowed, its payment is authorized to be made only out of that fund. In so far as the order of the Court of Appeals required the payment of such attorney fee by the defendant below, the owner of the premises, in addition to the lien claim, its action was erroneous. Its judgment will be accordingly modified, and, as modified, affirmed.
 

 Judgment modified and affirmed.
 

 Jones, Day, Allen, Kinkade and Robinson, JJ., concur.
 

 Marshall, C. J., concurs in propositions 1 and 2 of the syllabus and in the judgment.