Allen, J.
 

 This error proceeding arises under a bond similar to that given by the plaintiff in error in the case of
 
 American Guaranty Co.
 
 v.
 
 Cliff Wood Coal & Supply Co., ante,
 
 524, 155 N. E., 127, recently decided. The case presents facts,
 
 *627
 
 however, which differentiate it from the Cliff Wood case, and for that reason the two cases were not consolidated in the courts below.
 

 On the 3d day of July, 1922, a contract was entered into between Potts Bros., one of the defendants herein, a partnership, of Lima, Ohio, as contractor, and the board of education of the Alger village school district, of Alger, Ohio. The board of education, after awarding the contract to Potts Bros, on its bid, demanded from Potts Bros, a bond guaranteeing the faithful performance of the work to be done and the completion of the contract. Thereupon Potts Bros., as principal, with the American Guaranty Company as surety, tendered to the board of education of the Alger village school district, on the 7th day of July, 1922, a bond, the parts of which material for this case are as follows :
 

 “This bond witnesseth Charles Potts and David Potts, Potts Bros., Lima, Ohio (hereinafter called the principal), as principal, and the American Guaranty Company, a corporation organized under the laws of,state of Ohio, with general office in Columbus, Ohio (hereinafter called the surety), as surety, are held and firmly bound unto board of education of Alger, Ohio, Hardin county (hereinafter called the obligee), in the sum of $33,000, for payment of which said principal and surety bind themselves firmly by these presents.
 

 “Whereas, the principal has entered into a certain written contract with the obligee (copy of which is hereto annexed), dated June 29, 1922.
 

 ‘ ‘ This obligation is upon the condition that if the principal shall indemnify the obligee against any loss or damage directly arising from the failure of
 
 *628
 
 the principal to faithfully perform said contract, then this obligation shall be void; otherwise, it shall remain in full force and effect * *
 

 Potts Bros., principal contractor, abandoned the contract, and failed to carry the erection of the school building to completion. Later, the Cincinnati Iron & Steel Company, which in the course of this opinion will be called the steel company, brought an action in the court of common pleas of Hardin county upon the bond above quoted. In its amended petition, it prayed that the bond for $33,000 be reformed to comply with Sections 2365-1 to 2365-4, inclusive, General Code, and prayed for recovery upon the bond, as reformed, from the contractor, the subcontractors and the surety, in the sum of $3,239.81, with interest and costs. The petition further prayed, in case the court refused to reform the contract as prayed for, that the plaintiff have judgment against the individual members of the board of education of Alger village school district in the sum claimed. The principal defense set up by the surety in its answer was that of nonliability upon the bond as against the materialmen. Upon hearing, judgment was rendered for the plaintiff, and against the American Guaranty Company and Potts Bros., for the sum prayed for in the amended petition. The court found that by operation of law the provisions of Sections 2365-1, 2365-2, 2365-3, and 2365-4, General Code of Ohio, are read into and become a part of the terms, provisions, and conditions of the bond in question, notwithstanding the form in which the same may have been signed and executed by the parties thereto, and refused reformation of the
 
 *629
 
 bond as prayed for. The Court of Appeals affirmed the judgment of the court of common pleas, and the case comes before this court upon allowance of motion to certify the record.
 

 A principal contention made by the surety is that under the terms and conditions of the bond the surety bound itself only to secure the school district of Alger, and entered into no obligation for the benefit of or to secure the plaintiff below. This question has been fully considered and decided contrary to the contention of the plaintiff in error in the cases of
 
 Southern Surety Co.
 
 v.
 
 Chambers, ante, 434, 154 N.
 
 E., 786, and
 
 American Guaranty Co.
 
 v.
 
 Cliff Wood Coal & Supply Co., ante,
 
 524, 155 N. E., 127, recently decided, to which reference is made for reasoning and authorities. A further contention of the plaintiff in error herein, however, raises a question not disposed of either in the
 
 Surety Company case, supra,
 
 or in the
 
 Cliff Wood Coal & Supply Company case, supra,
 
 namely, that granting that the bond is a bond given in pursuance of statute, into which the provisions of the statute are read so as to make it. available for the protection of materialmen and laborers, the steel company is not entitled to recover under the bond, since no contract „ exists between the original contractor, Potts Bros., and the steel company.
 

 This contention compels us to examine the record. The original contract was between Potts Bros, and the board of education of Alger. The Lima Architectural Iron "Works, which hereafter will be called the iron works, agreed with Potts Bros, to furnish all the iron, steel, and ornamental work, according to the plans and specifications for
 
 *630
 
 the building. The bid of the iron works contained the following statement:
 

 “When the amount of account of the Cincinnati Iron & Steel Company is received (through whom all material is to be ordered), a 90-day note is to be given us and indorsed to them, and a note to be given for balance of amount of this contract. All estimates on this material to be sent direct to the Cincinnati Iron & Steel Company until the amount of note indorsed to them is paid in full. ’ ’
 

 The steel company furnished all of the steel material required by the contract. This material was cut at the plant of the steel company to the proper size and dimensions required by the specifications, and delivered by that company to the iron works. Holes were bored in some of the beams and girders by the iron works. The iron works also fastened on to the beams and girders angle irons which had been cut and prepared by the steel company. The fastening was done with bolts and rivets furnished by the steel company. After the iron works had bolted together the girders, beams, and angle irons, it delivered them to Potts Bros., at Alger, who in turn used them in the erection of the building. It is conceded that the steel company furnished all the steel materials necessary for the building, that the claim due is properly set out in the petition, and that the steel company has received no part of the amount in question. The record shows that the steel material was sold for the purpose of being used in this particular construction, and that it went directly into the building.
 

 It is evident under this record that the iron
 
 *631
 
 works was a materialman and not a subcontractor, for it took no part whatever in the installation into the structure of the materials furnished.
 
 Matzinger
 
 v.
 
 Harvard Lumber Co., ante,
 
 555, 155 N. E., 131. It is not, however, the iron works which brings this action, but the steel company which furnished the material to the iron works; that is, the action is instituted by a materialman which furnished material to a materialman which furnished the material to the principal contractor.
 

 Plaintiff in error, however, claims that inasmuch as the steel company had no contract with the principal contractor, Potts Bros., and furnished the material solely upon the order of the iron works, the steel company is so far removed in mutual or successive relationship from the original contractor that it cannot recover upon the bond for this particular piece of work.
 

 The plaintiff in error urges in this connection that
 
 Royal Indemnity Co.
 
 v.
 
 Day & Maddock Co.,
 
 114 Ohio St., 58, 150 N. E., 426, 44 A. L. R., 374, holds that there is no recovery, under Sections 2365-1 to 2365-4, inclusive, to materialmen or laborers a step removed from those who perform labor for .or furnish material directly to the contractor who performs labor and furnishes material in the actual construction. The majority of the court, however, do not consider this case decisive of, the point. The
 
 Day & Maddock Company case
 
 held that one who has a claim for rental for a concrete mixer used by a contractor cannot recover the amount of his claim against the surety on the bond of the contractor. This holding is based on the
 
 *632
 
 fact that the statute does not contemplate payment of claims for rental, and that under its provisions the surety on the bond is bound only for work and labor performed and material furnished in the construction of the building. There is a clear distinction between the question presented in the
 
 Maddock case, supra,
 
 and that presented herein, where recovery is asked only for materials furnished, and not for rental of equipment used, and where the material supplied, with practically no fabrication excepting the joining together of parts already fabricated by the steel company, went directly into the construction of the building, for which it had been expressly designed according to the specifications and plans of the architect.
 

 There is, indeed, reason in holding that the statute does not make the bond available for the protection of men whose labor and material enter into the work performed as remotely as the possible claimants described in the
 
 Maddock case.
 
 There is reason, as stated in that decision, in disapproving the doctrine that such a bond should cover labor at a quarry opened in connection with building a breakwater, the work of carpenters and blacksmiths who repaired the cars in which the stone was carried to the quarry dock, and the tracks upon which the cars moved, and the wages of the stablemen who fed and drove the horses which moved the cars upon those tracks. This case, however, involves the furnishing of material which entered into the work performed, not remotely, but directly. In this case, recovery is not asked for the bar steel which went into the fabricated parts, nor for the
 
 *633
 
 ore that went into the bar steel. It is true that the steel company is one step removed from Potts Bros., the general contractor, but the material fabricated by the steel company passed with no substantial change into the hands of the principal contractor, and went directly into the building. The question presented is whether the fact that the materials were furnished under a contract with a materialman which contracted with a principal contractor, instead of under a contract with the principal contractor, precludes recovery.
 

 The statutory provision (Section 2365-4, General Code) is that the bond form shall include an additional obligation to pay “all lawful claims of subcontractors, materialmen and laborers, for labor performed and materials furnished in the carrying forward, performing or completing of said contract.” The statute (Section 2365-2) also provides that the bond shall be “conditioned for the payment by the contractor and by all subcontractors, of all indebtedness which may accrue to any person, firm or corporation, on account of any labor performed or materials furnished in the construction, erection, alteration or repair of such building, works or improvement.”
 

 These provisions, although omitted from the bond, are read into the bond by statute, and the parties are charged with notice thereof.
 
 Southern Surety Co.
 
 v.
 
 Chambers, supra; American Guaranty Co.
 
 v.
 
 Cliff Wood Coal & Supply Co., supra.
 
 Therefore the only question which concerns us is whether the statute is broad enough in its terms to include and protect the claim of this plaintiff, even though
 
 *634
 
 it is founded upon a contract made with a material-man instead of with the principal contractor. Does the statutory provision that the bond shall cover “all indebtedness which may accrue to any person, firm or corporation, on account of any labor performed or materials furnished in the carrying forward, performing, or completing of said contract,” include this materialman? The statute does not limit recovery to the principal contractor and subcontractors only, nor to materialmen who contract only with the principal contractor. It allows recovery to all who furnish material in the erection of the building. Now, this materialman furnished in finished form materials which are incorporated into the erection without substantial change. That there is a remote point beyond which recovery will not be allowed upon such bonds may, perhaps, be conceded. The test of remoteness which will defeat recovery under our statute, however, does not lie in the relationship of the various claimants in and of itself; it lies in the requirement that the materials in question must have entered into the erection. This test is complied with in this case, and without deciding analogous questions arising upon dissimilar facts we hold that the statute clearly affords recovery to this plaintiff upon the bond.
 

 Various cases are cited to the contrary effect. One of them
 
 (Cooper
 
 v.
 
 H. H. Hardin & Co.
 
 [Tex. Civ. App.], 219 S.
 
 W.,
 
 550) has been, in effect, overruled by the court of last resort of the state of Texas in
 
 Globe Indemnity Co.
 
 v.
 
 Barnes
 
 (Tex. Civ. App.), 281 S. W., 215, and
 
 Southern Surety Co.
 
 v.
 
 Klein
 
 (Tex. Civ. App.), 278 S. W., 527. Every one
 
 *635
 
 of the other cases cited in support of the position of the plaintiff in error is found, upon examination, to be based upon one of two propositions: one, that the bond sued upon was not executed pursuant to statute and hence is not controlled by the statute. This court has held contra to this doctrine, under the peculiar provisions of the Ohio statute, in
 
 American Guaranty Co.
 
 v.
 
 Cliff Wood Coal & Supply Co., supra,
 
 recently decided. The other ground upon which these eases were decided is that the materialmen should have discovered what kind of bond was given, and if they had been diligent, could have done so. The answer to this proposition is that under the statute the bond protected the materialmen, even though it did not include them specifically in its terms, and that the statute did not condition the protection given by the bond upon diligence of materialmen in examining the bond. Hence this contention is overruled.
 

 In this state, by the express phrasing of Section 2365-2,
 
 supra,
 
 the Legislature did not limit the obligation of the surety to those who contract directly with the contractor, but included those who furnish labor and material to persons who contract with the contractor, providing that the labor performed and materials furnished go directly inte the construction of the building. Our conclusion is supported by the following cases:
 

 A contractor’s bond to a municipal corporation, conditioned upon the payment as they become' due of all charges and claims for all work and labor performed and skill and material furnished, executed pursuant to a statute requiring a contractor
 
 *636
 
 for city work to execute a bond so conditioned,- for the use of all persons who perform any work or labor or furnish any skill or material in executing, inures to the benefit of laborers who prepare materials for a subcontractor which are actually delivered to and used by the contractor in performing a contract for paving a city street.
 
 Combs
 
 v.
 
 Jackson,
 
 69 Minn., 336, 72 N. W., 565;
 
 Daly
 
 v.
 
 Jackson,
 
 69 Minn., 342, 72 N. W., 568.
 

 A contractor with a city for a public work, and his sureties in a bond given pursuant to a general municipal ordinance requiring it to pay all persons, whether subcontractors or others, for labor expended or materials used in performing the contract, are liable to an unpaid materialman who furnished materials to a subcontractor.
 
 Bowditch
 
 v.
 
 Gourley,
 
 24 Pa. Super. Ct., 342.
 

 One who furnishes materials to a subcontractor upon a public work is within the scope and protection of a statute requiring the contractor in chief to execute a bond with sureties, conditioned to pay all laborers, mechanics, and materialmen all just debts incurred in carrying on the work, and may have his action on such bond.
 
 Gilmore
 
 v.
 
 Westerman,
 
 13 Wash., 390, 43 P., 345.
 

 A provision in a contract and bond that the contractor “shall pay for all material used and labor performed” is broad enough to give a material-man a right of action on the bond for material furnished to a subcontractor and used in the execution of the contract.
 
 Jackson County, ex rel. James B. Clow & Sons,
 
 v.
 
 Freeborn Engineering & Constr. Co.,
 
 174 Mo. App., 28, 160 S. W., 271.
 

 
 *637
 
 In the light of a statute requiring that bonds in the case of public buildings shall be conditioned “for the payment of all material used in such work and labor performed on such work, whether by subcontract or otherwise,” a bond conditioned to “pay to the proper parties all amounts due for material and labor used and employed” may be sued upon by one who supplies to a subcontractor material which is used in the building.
 
 St. Louis, to Use of Contracting & Supply Co.,
 
 v.
 
 Hill-O’Meara Constr. Co.,
 
 175 Mo. App., 555, 158 S. W., 98.
 

 In
 
 Griffith
 
 v.
 
 Stucker,
 
 91 Kan., 47, 136 P., 937, one paragraph in the syllabus reads as follows: “(e) The subcontractor’s laborers and material-men may resort to the bond as security for the indebtedness due them.”
 

 In the opinion, at page 51 (136 P., 938), the court says: “The weight of authority is that a contractor’s statutory bond given to secure the payment of claims for labor performed and material furnished in making municipal improvements is available to those who deal with subcontractors. Note 27 L. R. A. (N. $.), 588, 593. If this were not the law, it would be very easy for public contractors to defeat the statute and perpetuate the evils it was designed to remedy.”
 

 These were all decisions in which the party furnishing the material or labor was one degree removed from the original contractor. That is to say, he furnished his labor or materials not under a contract with the principal contractor, but under a contract with the materialman or subcontractor, as is the case herein.
 

 
 *638
 
 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day and Kinkade,
 
 JJ.,
 
 concur.