Matthias, J.,
concurring. I fully concur in the judgment, the syllabus and the reasons therefor expressed in the majority opinion, all of which I deem in complete accord with the principles announced in the Van Dorn Iron Works and Matzinger cases.
In the former, pursuant to a contract, flights of pressed steel stairs were not only furnished but were erected in a building under construction. Although the steel stairs were fabricated elsewhere, they were, under the contract, installed and actually made a “part of the structure” then in the process of erection. Under the terms of Section 8323-9, General Code, a person so “undertaking” to furnish and erect is a subcontractor.
He differs from a “materialman” in that the latter is one by whom any machinery, materials or fuel is ‘ ‘ furnished in or for any construction, erection, alteration. * * *”
In the instant case, Adams, upon a telephone order from the building contractor, furnished and delivered the septic tank on the premises of the owner. It does not appear that Adams had anything to do relative to the installation other than setting the tank in the place prepared for it.
Adams, just as did the lumber company in the Matzinger case, “contracted only to furnish the designated materials and did not engage to install them, or any part of them,” nor did he do anything relative to the “fabrication thereof into the structure” for which they were intended.
In my opinion, the distinction between a subcontractor and a materialman, clearly made in the two cases above cited, is not departed from by the judgment *457 or opinion of the majority in the instant case, bnt on the contrary is properly applied and should avert any serious controversy as to the respective rights of subcontractors and materialmen under the mechanic’s lien law.
Taft, J., dissenting. In my opinion, the decision in the instant case ignores the provisions of the Mechanics ’ Liens Act of this state, which specifically define who is a subcontractor; and also represents an unfortunate departure from the pronouncements of law made in the syllabi and opinions of this court in Matzinger v. Harvard Lumber Co., 115 Ohio St., 555, 155 N. E., 131, and Van Dorn Iron Works Co. v. Erie-Huron Realty Co., 108 Ohio St., 314, 140 N. E., 325.
Section 8323-9, General Code, provides in part:
“The word ‘subcontractor’ shall be construed to include any person, firm, or corporation who undertakes to construct, alter, erect, improve, repair, remove, dig or drill any part of the structures or improvements mentioned herein under a contract with any person other than the owner.” (Emphasis added.)
In determining what is meant by “the structures or improvements mentioned herein,” reference may be made to several statutes.
Section 8310, General Code, provides for a lien “for erecting * * * a house * * * or any * * * other building, appurtenance, fixture * * * or other structure.”
Section 8311, General Code, provides for a lien “for the construction, alteration * * * of any * * * sewer. ’ ’
In Section 8312, General Code, note 4 to the prescribed form of affidavit of a contractor or a subcontractor mentions that his work shall be “for * * * erecting, altering * * * a house * * * or any * * * other building, appurtenance, fixture * * * or other structure. ’ ’
Section 8313, General Code, refers to a “house * * * *458 building * * * appurtenance * * * structure * * * or other construction or improvement described in Sections 8310 and 8311, General Code.”
It is apparent from these statutory provisions that the erection of a septic tank would be the erection of one of the “structures or improvements mentioned herein” within the meaning of the statutory definition of a subcontractor, hereinbefore quoted.
It is likewise apparent that Adams undertook “to construct * * * [or] erect * * * part of the structures or improvements” on the property of the owner herein involved when he undertook, to use the words of paragraph one of the syllabus in the instant case, to deliver the septic tank “in an excavation prepared by another” and delivered it “in three sections * * * plus a lid” and undertook to “cement the sections together. ’ ’
As the majority opinion states:
“Adams’ employees deposited the tank, one section upon another, in an excavation or hole prepared by Rebisso, and the only additional labor they supplied was the cementing of the sections together. ’ ’ (Emphasis added.)
In explaining why a particular party was a subcontractor instead of a materialman, it was said by Matthias, J., in Van Dorn Iron Works Co. v. Erie-Huron Realty Co., supra, 320:
‘ ‘ The undertaking of the plaintiff was that of a contractor under the terms of our mechanics’ lien statutes, its undertaking being to erect a structure, or a portion thereof, wherein, necessarily, labor would be employed, and it, in our opinion, comes within the requirements of Section 8312, General Code.” (Emphasis added.)
Paragraph two of the syllabus in Matzinger v. Harvard Lumber Co., supra, is quoted, in the majority 'opinion. In the instant case, it is obvious that that *459 paragraph would not require the conclusion that Adams was a materialman. Admittedly, Adams had considerable “to do relative to the installation of” the materials which he delivered.
The language of the opinion by Matthias, J., in that ease clearly indicates that the activities of Adams in the instant case were such as to constitute him a subcontractor. It was stated therein:
“Concededly the lumber company contracted only to furnish the designated materials and did not engage to install them, or any part of them * * *.
“* * * in the case of Van Dorn Iron Works Co. v. Erie-Huron Realty Co. * * *. For the reason that the contract required the erection of a structure or portion thereof wherein necessarily labor would be employed, the court held that the lien claimant was a subcontractor * * *. * * * the same test must be applied here * * * the lien claimant * * * in neither case engaging to furnish or perform any labor, and in fact doing nothing relative to the installation of said materials or the fabrication thereof into the structure, such lien claimant, under our statute, is a materialman and not a contractor or subcontractor.
í Í # # *
“* * * The words ‘construct’ and ‘erect’ have reference to the actual combination of materials on the building site to constitute the structure, and not to the manufacture of such materials, which later may be somewhere combined with others to make a building. ’ ’ (Emphasis added.)
In my opinion, it is unfortunate that this court should depart from the pronouncements of the law made in the Van Dorn and Matzinger cases. It was heretofore relatively simple to determine whether a party had used any labor on the building site in the construction of a part of an improvement thereon. If he had, he was a subcontractor even though his con *460 tract involved largely the furnishing of material as in the Van Dorn case. If not, as in the Matzinger case, he was a materialman and not a subcontractor, even though what he had furnished might have involved considerable labor elsewhere. The decision in the instant ease should open up a fertile field for controversy as to when a party, who furnishes material and also some labor in installing, is or is not “essentially a material-man” instead of a subcontractor. See annotation at 141 A. L. R., 321, 330, 333, 334.