NELSON, D. B. A. NELSON PLUMBING & HEATING,
APPELLANT, *v*. MALIK ET AL., APPELLEES.

(No. 1279—Decided July 1, 1953.)

*Messrs. Snoble & Snoble,* for appellant.
*Messrs. Myers, Horan & Ashenbach,* for appellees.

HUNSICKER, J. This appeal on questions of law has
been submitted to the court on the briefs of counsel.

The facts show: Mike Grott, a building contractor,
had a contract with Anne and Charles Malik, the ap-
pellees herein (defendants below), to build for them a
home on a certain lot on Gulf Road, Elyria, Ohio;
Chris Nelson, the appellant herein (plaintiff below),
doing business as "Nelson Plumbing and Heating,"
delivered, at the request of Mike Grott, certain plumb-
ing supplies and fixtures to, and stored them in, a gar-
age located at 154 Woodford Avenue, Elyria, Ohio;
this material was charged to Mike Grott only; Anne
and Charles Malik knew and consented to the storage
of the material in the garage, which was owned by a
Joseph Malik; none of the material was used in the
construction of a home on Gulf Road, for no home was
ever built on this lot by Anne and Charles Malik.

There is a conflict in the evidence as to whether any
work was done on the Gulf Road lot by Mike Grott
toward the building of any structure thereon. The
only evidence on this point is that Nelson says that

Grott staked out the house and put some footers in. The Maliks say that no work of any kind was done by Grott on the lot.

Grott did not pay Nelson for the material, and, within due time, Nelson filed and recorded an affidavit to obtain a mechanic's lien on the Gulf Road lot owned by Anne Malik. A copy of this affidavit and a notice to the owner of the filing of the lien were mailed to and received by Anne Malik. She denies that any other affidavit was included in the envelope, although counsel for Nelson, in his testimony given at the trial, says that a contractor's affidavit was also sent to Mrs. Malik.

The case was tried to the court, and a judgment entered for the defendants, Anne and Charles Malik. Counsel did not ask the court to separately state its conclusions of law and conclusions of fact, and there is no indication in the judgment to show upon what theory the case was decided.

Counsel for Nelson state the questions raised in the trial court as:

"(1) Did plaintiff furnish defendant Anne J. Malik, statement of contractor as provided in G. C. 8312?

"(2) Can the plaintiff have a lien upon premises when the material was not delivered to the premises or incorporated in the construction on the premises?"

Was Nelson a subcontractor or a materialman? Section 8323-9, General Code, defines the words "subcontractor" and "materialman." The statutes providing for mechanics' liens make a distinction between materialmen and subcontractors. The law gives a right to a lien to both classes of lien claimants, but upon conditions essentially different. If Nelson was a subcontractor, then it was necessary for him to file the affidavit called for by Section 8312, General Code. *Van Dorn Iron Works Co.* v. *Erie-Huron Realty Co.*, 108 Ohio St., 314, 140 N. E., 325; *Matzinger* v. *Harvard Lumber Co.*, 115 Ohio St., 555, 155 N. E., 131.

There was one item for labor in handling the material in the account submitted by Nelson, but this was explained as being the work necessary in delivering the plumbing supplies and placing them in storage.

There was no indication in the testimony submitted to the trial court as to what arrangement Nelson had with Mike Grott. The trial court could have drawn the logical inference that Nelson was to install the plumbing fixtures and material in the home to be later built on Gulf Road, and that therefore Nelson came within the definition of a subcontractor. The trial court likewise could have found that some work had been done, but that the required affidavit of a subcontractor had not been served.

From the state of the record before us, we cannot say the court committed error prejudicial to the substantial rights of Nelson on this claim in the case.

In consideration of the second question, posed by the appellant, Nelson, we think there should be added another phrase, to make the question read:

Can the plaintiff have a lien upon premises when the material was not delivered to the premises or incorporated in the construction on the premises, *and no construction was ever begun on the premises?* (Italicized portion added.)

At the onset, in discussing this phase of the case, it will be observed that there is no claim that the material in controversy was altered, changed or fabricated for any special use.

There was a conflict in the testimony as to whether any construction work was performed on the Gulf Road lot by Mike Grott. Counsel agree that no completed house or other structure was placed thereon, and, if any work was done (which Malik denies), it was of no great consequence. The trial court could, from the evidence, have determined that no work was ever performed on the lot in question.

In the case of *Robert V. Clapp Co.* v. *Fox,* 124 Ohio St., 331, 178 N. E., 586, the court said:

"1. Mechanics' lien statutes create rights in derogation of the common law and should therefore be strictly construed as to question whether a lien attaches, but their procedural and remedial provisions should be liberally construed, after the lien has been created."

In the early case of *Jerecke Mfg. Co.* v. *Struther, Wells & Co.,* 14 C. C., 400, 8 C. D., 5, the court said that the provisions of the mechanics' lien law, as it then existed, were "not available * * * where the property sold was not intended, and does not in fact, become part of such well or structure." This case is cited with approval in *Sklar* v. *Oil Incomes, Inc.,* 133 F. (2d), 512 (U. S. Circuit Court of Appeals), wherein the court said at p. 514:

"* * * the general and prevailing rule of construction of such statutes, not only in Louisiana, but elsewhere, is that they are for the benefit of persons who furnish material which is consumed in connection with, or becomes worked, or incorporated, into the property of another."

See also: Am. & Eng. Annotated Cases, 1912B, p. 19.

In the case of *Beckel* v. *Petticrew,* 6 Ohio St., 247, the Supreme Court of Ohio announced that:

"The lien authorized by the 'act to create a lien in favor of mechanics and others in certain cases,' will extend to all the materials, in good faith furnished *for the purpose of* erecting or repairing a house in pursuance of an agreement with the owner, notwithstanding a portion of such materials may subsequently be otherwise appropriated without the consent of the party furnishing them."

And in the case of *Robert V. Clapp Co.* v. *Fox, supra,* the court said, at p. 337:

"* * * work and labor must be rendered upon the premises, while material need only be suitable to the

purpose, requirement and character of the building and necessary to it. Ordinarily, the materials must enter into the structure to permit a lien, but it may well happen that expensive fabrication of materials may be made without the materials being called for, by reason of change of plans and specifications or the failure to complete a building, and the lien would attach though never entering into the structure. This will serve to illustrate the evident purpose of the Legislature in employing the word 'for' concerning materials, and the word 'upon' as applying to work and labor.''

For a general discussion on the subject of the right to a lien for material furnished but not used in the construction of a building, see De Witt's Ohio Mechanics' Liens (1950 Supp.), Section 83.

We are not dealing in the instant case with material that has been diverted from the construction project, nor with the subject of materials that were especially fabricated for the building to be erected. There is no building, and the court could reasonably have found that there was no construction. The contractor, Mike Grott, never performed the services he agreed to do, and thus, we do not have incorporated into a building the material of a supplier, whereby such material has lost its identity and become a part of the building. It is upon the theory of lost identity that a lien is given, for when once material is incorporated in whole or in part into a building, the materialman cannot, to satisfy his claim, pursue the merchandise by means of a levy on the particular items delivered to the contractor.

We therefore determine that the language of the mechanics' lien law (Section 8310 *et seq.*, General Code) contemplates that construction work of some nature must take place upon the premises of an owner before a valid mechanic's lien can be established; and

since the court could have properly found that no work was performed by the contractor, Mike Grott, the materialman, Nelson, is not entitled to a lien on the lands of the owner, Anne Malik, for this reason.

*Judgment affirmed.*

DOYLE, P. J., and STEVENS, J., concur.