CITY OF MEDINA, APPELLANT, *v.* HOLDRIDGE ET AL., APPELLEES.

(No. 412—Decided December 9, 1970.)

*Mr. J. M. Kinney,* city solicitor, for appellant.
*Messrs. Williams & Batchelder* and *Mr. C. Nevada Johnson, Jr.,* for appellees.
*Mr. J. Richard McMannis,* for third party defendant Willard Stephenson.

VICTOR, J. This appeal on questions of law is from a judgment of the Court of Common Pleas of Medina County, in favor of the defendants, Harold A. Holdridge, Alma Holdridge, C. R. Aldrich, and Gerspacher-Lincoln and As-

sociates, Inc. The judgment dismissed the third party petition of Gerspacher-Lincoln and Associates, Inc., against Willard Stephenson, the third party defendant.

Plaintiff, the city of Medina, as appellant, assigns the following claims of error:

"1. The Court erred in not admitting Plaintiff's Exhibit No. 6, the 'Contract Agreement,' into evidence and in not considering same in arriving at the decision and judgment entered.

"2. The judgment of the Court of Common Pleas is against the weight of the evidence.

"3. The judgment of the Court of Common Pleas is not sustained by sufficient evidence and is contrary to law."

The Holdridges were the owners of certain land situated in the city of Medina, known as Lake Meadows Allotment No. 1, a residential development. In 1961, the Holdridges, as owners, and Gerspacher-Lincoln and Associates, Inc., as developer, entered into an agreement to develop this land. The plans and specifications of the proposed subdivision were approved by the Medina city council, and the subdivision plat was approved and accepted by ordinance No. 36-61, dated June 26, 1961. This ordinance required that the owners and developer install certain improvements, including sidewalks, within a given time period, and post a bond in accordance with the provisions of section XVI, of ordinance No. 4-60 of the city of Medina.

Section XVI, of Ordinance No. 4-60, provides, in pertinent part:

"Upon approval by Council of the Record Plat, and prior to the recording of same, the owner of the subdivision shall give to the city of Medina, Ohio, a full construction and maintenance performance bond in the amount of the estimated cost of the * * * walks * * * and incidentals necessary to complete the construction of the project. The bond shall be executed by the owner and a surety or sureties satisfactory to the fiscal and law officers of the city of Medina, Ohio, guaranteeing the completion of the installation of the improvements within such time as is proposed by the owner * * *.

"If the improvements are not completed as proposed within the time limit that was established, the bond shall be forfeited and the money shall be collected by the city and used to complete the specified improvements. * * *"

In conjunction with the approval of the plat, the following bond, dated June 26, 1961, was executed in favor of the city of Medina by the Holdridges, as principals; Gerspacher-Lincoln & Associates, Inc., as contractor; and C. R. Aldrich, as surety:

"Contract Bond

"Know All Men By These Presents, that we, Harold A. Holdridge and Alma Holdridge, as owner and principal, and Gerspacher-Lincoln and Associates, Inc., as contractor, and C. R. Aldrich, as surety, are held and firmly bound unto the city of Medina, Ohio, called the owner, in the principal sum of Sixty Five Thousand and no/100 Dollars ($65,000.-00) for the payment whereof said principal and surety bind themselves firmly by these presents.

"Whereas, the principal has, by written agreement dated 6-15-61 entered into a contract with the owner for the grading of the various rights of way as prescribed in the plans and specifications, for the curbing and paving in accordance with the plans and specifications and the construction of water lines and storm and sanitary sewer lines, sidewalks, fire hydrants and street name signs in accordance with the plans and specifications for Lake Meadows, a subdivision in the city of Medina, Ohio, approved by Council under Ord. No. 36-61, passed 6-21-61, a copy of which contract is by reference hereto made a part hereof as though fully rewritten herein.

"Now Therefore the condition of this obligation is such that if the principal shall faithfully perform the contract free and clear of any and all liens arising out of claims for labor and materials entering into the contract and indemnify and save harmless the owner from all loss, cost or damage which the owner may suffer by reason of the failure so to do, then this obligation shall be void; otherwise to remain in full force and effect.

"Signed and sealed this 26 day of June, 1961. * * *"

After the subdivision plat was filed, the land was transferred to Gerspacher-Lincoln, which developed and sold a number of the lots, installing the required improvements. The remaining lots, in 1964, were sold to Willard Stephenson. Nothing was said in the Gerspacher-Stephenson agreement concerning the installation of sidewalks on these lots.

After the expiration of the time limit for installing sidewalks on the remaining lots, the city made a demand upon Gerspacher-Lincoln to install them, which was refused, and a suit was filed by the city upon the bond. Defendant Gerspacher-Lincoln then filed a third party petition naming Willard Stephenson as a third party defendant. The case was tried to the court, all parties having waived a jury.

Gerspacher-Lincoln maintains that it is entitled to rely upon the face of the bond, and, therefore, the city of Medina can have no recovery, notwithstanding the provisions of the ordinances pursuant to which the bond was given.

It is obvious from a reading of the bond that it does not comply with the provisions of the ordinances which predicated the approval of the record plat upon the giving of a construction and maintenance bond guaranteeing the installation of sidewalks.

As we view it, the sole issue in this case is whether the provisions of ordinances Nos. 36-61 and 4-60, pertaining to performance and maintenance bonds, are to be read into this contract bond. If they are, the judgment must be reversed; if not, the judgment must be affirmed.

"A bond is a contract and, in the absence of some controlling statute, is to be construed according to the fair import of the language used. * * * It is likewise an accepted principle of law that a statute which provides for the giving of a bond becomes a part of the bond and imports into it omitted conditions prescribed by statute." *Cusack* v. *McGrain*, 136 Ohio St. 27, at 29.

R. C. 711.101 authorizes municipal corporations to pass laws requiring the posting of performance bonds as a condition precedent to the sale or lease of lots in a subdivision. Hence, the city of Medina had the power to enact

ordinances 36-61 and 4-60, and require the posting of performance bonds as mandated by those ordinances.

In Ohio, a "contractor's bond" given for the full and faithful performance of a contract for a public improvement will be construed with reference to the statute pursuant to which it is given, and any provision omitted therefrom, which is required by statute to be included therein, will be read into the bond and deemed as fully a part thereof as if expressly therein written. *American Guaranty Co.* v. *Cliff Wood Coal & Supply Co.*, 115 Ohio St. 524; *American Guaranty Co.* v. *Cincinnati Iron & Steel Co.*, 115 Ohio St. 626; *Van Wert National Bank* v. *Roos*, 134 Ohio St. 359. This is also the general rule throughout the United States. See: 63 Corpus Juris Secundum 855, Municipal Corporations, Section 1171.

There is no justifiable reason why the rule should be any different where the bond is required by city ordinance, as distinguished from a state statute. We hold that this bond includes the provisions that the obligors and surety shall faithfully perform the contract "guaranteeing the completion of the installation of the improvements" (including sidewalks), and "if the improvements are not completed as proposed within the time limit * * * the bond shall be forfeited and the money shall be collected by the city and used to complete the specified improvements * * *."

The judgment must be reversed as contrary to law, and the cause remanded to determine the measure and amount of damages due under the bond, as we construe it. We deem it unnecessary, under the circumstances, to pass upon the other assignments of error.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and BRENNEMAN, J., concur.

VICTOR, J., of the Court of Common Pleas of Summit County, sitting by designation in the Ninth Appellate District.