OPINION
Appellee-appellant, chief of the Division of Oil and Gas of the Ohio Department of Natural Resources ("chief"), appeals from a decision and judgment entry of the Franklin County Court of Common Pleas reversing a June 15, 1998 order of the Oil and Gas Commission, which had affirmed an order of the chief of the Division of Oil and Gas forfeiting the $15,000 surety bond of appellant-appellee, Century Surety Company ("Century").
The parties filed joint stipulations of fact with the Oil and Gas Commission. On May 20, 1981, Sandhill Energy Company ("Sandhill"), as principal, obtained a $15,000 blanket bond from Century, as surety, with the state of Ohio as beneficiary, pursuant to R.C. 1509.07. Subsequently, Sandhill obtained ninety-six permits to conduct oil and gas operations in Ohio. On April 2, 1995, the chief issued order 85-34 requiring Sandhill to plug the Hoff Lease No. 1 Well, but Sandhill did not comply. Thus, on April 23, 1986, the chief issued Order 86-182, informing Century that Sandhill had not complied and providing Century with the options of forfeiting the $15,000 bond, plugging the well at its own expense, or paying the state to plug the well. Century chose to pay the state $9,500 to plug the well. On May 25, 1995, the chief issued Order 95-66 requiring Sandhill to plug the Frank Eisen Lease No. 1 Well. When Sandhill did not comply, the chief issued Order 96-251 on October 10, 1996, informing Century that Sandhill had not complied and offering the same three options as before. The estimated cost for the state to plug the well was $8,000.
On November 11, 1996, Century appealed the chief's Order 96-251 to the Oil and Gas Commission, pursuant to R.C. 1509.36, arguing that it was only liable for $5,500 under the bond since it had previously paid $9,500 for plugging Hoff Lease No. 1 Well. The Oil and Gas Commission issued its findings, conclusions and order of the commission on June 15, 1998, affirming chief's Order 96-251. Century appealed the order of the Oil and Gas Commission to the Franklin County Court of Common Pleas pursuant to R.C.1509.37. On January 5, 1999, the Franklin County Court of Common Pleas issued a decision and judgment entry reversing the order of the Oil and Gas Commission. The court concluded that the previous payment of $9,500 must be credited to Century, so the commission could only order the forfeiture of $5,500 on the bond. The chief filed a timely notice of appeal.
On appeal, the chief raises one assignment of error:
 THE COMMON PLEAS COURT ERRED AND ABUSED ITS DISCRETION WHEN IT HELD THAT THE DECISION OF THE OIL AND GAS COMMISSION WAS UNLAWFUL AND UNREASONABLE BECAUSE THE COMMISSION, IN AFFIRMING THE ORDER OF THE CHIEF OF THE DIVISION OF OIL AND GAS, CORRECTLY DETERMINED THAT, WHERE A SURETY CHOOSES THE OPTION ALLOWED BY R.C. 1509.071 AND OHIO ADMIN. CODE 1501:9-1-03 OF PAYING TO THE STATE OF OHIO THE ESTIMATED COST TO PLUG ONE WELL RATHER THAN FORFEITING THE ENTIRE BOND, THE FULL FACE VALUE OF THE BOND IS NOT DIMINISHED.
In the chief's single assignment of error, he argues that the trial court erred by finding that the order of the Oil and Gas Commission was unlawful and unreasonable and, as a result, reversing the order. We agree.
This court has previously held that the standard of review on an appeal from the Oil and Gas Commission is whether the board's order was reasonable and lawful. Johnson v. Kell (1993),89 Ohio App.3d 623, 625. In Johnson, this court based the standard of review on R.C. 1509.37, which provides that "[i]f the court finds that the order of the commission appealed from was lawful and reasonable, it shall affirm the order. If the court finds that the order was unreasonable or unlawful, it shall vacate the order and make the order that it finds the commission should have made." R.C. 1509.37; Johnson, at 625. "Unlawful" is defined as that which is not in accordance with law, while "unreasonable" is defined as that which is not in accordance with reason or that which has no factual foundation. Id. at 626, citing CitizensCommt. v. Williams (1977), 56 Ohio App.2d 61, 70.
The issue presented by this appeal is whether Century should receive a credit toward the $15,000 blanket bond for its prior payment of $9,500 to plug the Hoff Lease No. 1 Well in 1986. The Oil and Gas Commission interpreted the bond and applicable statute and administrative code section to find that the full amount of the bond must remain in effect at all times as a condition of operation and that Century's payment of $9,500 under Ohio Adm. Code 1501:9-1-03(E)(1)(c) was an option in lieu of forfeiture, rather than a payment under the bond. Thus, the Oil and Gas Commission concluded that neither the statute and administrative code section nor the language of the bond provided for a credit for payments made in lieu of forfeiture. However, the common pleas court interpreted the same provisions to find that nothing in the bond, statutes, or administrative code requires the surety to be liable for any amount beyond the $15,000 face value of the bond. The common pleas court cited to the language "[i]n lieu of total forfeiture" in R.C. 1509.071 to conclude that Century's exercise of the option of paying the state to plug a well under Ohio Adm. Code 1501:9-1-03(E)(1)(c) in lieu of total forfeiture was a payment under the bond and must be credited against the face value of the bond.
We agree with the Oil and Gas Commission's interpretation of the statute, administrative code section, and bond at issue. As the Oil and Gas Commission indicated, Ohio law requires that bonds issued pursuant to statutes must be interpreted in accordance with those statutes. Medina v.Holdridge (1970), 46 Ohio App.2d 152, 155; Southern Surety Co. v.Bender (1931), 41 Ohio App. 541, 546.
Under R.C. 1509.07, an owner of a well must execute and file a surety bond in an amount set by the chief. Ohio Adm. Code1501:9-1-03(A) provides that a blanket bond covering multiple wells must be in the amount of $15,000. The execution of a surety bond under R.C. 1509.07 is a condition of obtaining a permit to operate a well under R.C. 1509.06. The purpose of the surety bond under R.C. 1509.07 is to insure compliance with the restoration requirements of R.C. 1509.072, the plugging requirements of R.C.1509.12, and the permit to plug and abandon requirements of R.C.1509.13, as well as compliance with all rules and orders of the chief. Thus, the full amount of the bond must be in effect at all times to insure compliance by the principal.
If an owner fails to comply with a chief's order to plug a well, then the surety bond is forfeited. R.C. 1509.071; Ohio Adm. Code 1501:9-1-03(C) and (D). However, R.C. 1509.071(A) and Ohio Adm. Code 1501:9-1-03(E) provide exclusive options for sureties in lieu of forfeiture of the surety bond. A surety may choose not to plug the well and pay the face amount of the bond, may plug the well at its expense, or may pay the state the amount necessary to plug the well. Thus, the surety has the option of paying the bond and incurring no additional liability. However, if the surety elects the option to plug the well itself or to pay the state to plug the well, then the face value of the bond is not diminished. Nothing in the clear and unambiguous language of the statute, administrative code, or bond provides for any credit for payments made in lieu of forfeiture. As the Oil and Gas Commission found, the exercise of the options under Ohio Adm. Code1501:9-1-03(E)(1)(b) and (c) are not payments under the bond but, instead, are payments pursuant to an option exclusive to sureties whereby the surety may elect to pay less than the amount of the bond. At this point, it is up to the surety to determine whether it should cancel the bond or potentially be subject to additional liability for the principal's noncompliance with future orders.
The common pleas court's reliance on the word "total" in R.C. 1509.071 is misplaced, and its interpretation would require the reading of language for a credit based on the exercise of the options under Ohio Adm. Code 1501:9-1-03(E)(1)(b) and (c) into the administrative code and the statute. Consequently, we conclude that the common pleas court erred by finding that the Oil and Gas Commission's order was not lawful and reasonable. The chief's single assignment of error is sustained.
Based upon the foregoing reasons, the decision and judgment entry of the Franklin County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.
Judgment reversed and remanded.
BOWMAN, P.J., and BRYANT, J., concur.